**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 09:37 AM October 7, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| RICHARD W. VARNER, ) | CASE NO. 14-61103 |
| ) | |
| Debtors. ) | ADV. NO. 14-6021 |
| _____ ) | |
| ) | JUDGE RUSS KENDIG |
| UNITED STATES TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **MEMORANDUM OF OPINION (NOT** |
| ) | **INTENDED FOR PUBLICATION)** |
| RICHARD W. VARNER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The current issue is when a court should grant leave to file an amended adversary complaint over the opposing party's objection. Richard W. Varner ("Debtor") filed his original bankruptcy petition on October 2, 2013, and on January 21, 2014, Daniel M. McDermott, the Unites States Trustee for Region 9 ("Trustee"), filed an adversary complaint seeking to deny Debtor's discharge under § 727(a)(4)(A) and (a)(4)(D) of the United States Bankruptcy Code ("The Code"). The court held a pretrial conference on July 30, 2014, where the court set a discovery deadline of September 30, 2014, a motion cutoff of October 10, 2014, and a trial date of November 17, 2014. On August 26, 2014, Trustee filed a motion for leave to file an amended complaint, which would add a new cause of action under § 727(a)(2)(A). Debtor filed an

1

objection opposing Trustee's motion. Both parties have briefed the issue, and the matter is properly before the court. The following constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (J).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## Facts

Debtor filed for chapter 7 bankruptcy protection on October 2, 2013, listing assets of $10,789.59 and liabilities of $27,098,778.12.[1] The vast majority of the Debtor's liabilities are general unsecured debts which can normally be discharged in bankruptcy. Debtor was examined concerning the accuracy of his bankruptcy petition at his 341 meeting of creditors on November 19, 2013 and December 20, 2013. About a month thereafter, on January 21, 2014, Trustee filed an adversary complaint (the "Original Complaint") seeking to deny Debtor's discharge under § 727(a)(4)(A) for "knowingly or fraudulently . . . [making] a false oath or account" in a bankruptcy case, or under § 727(a)(4)(D) for "knowingly and fraudulently" withholding information and documentation from a bankruptcy trustee. Debtor filed an answer opposing the Original Complaint. The court held a pretrial conference on July 30, 2014, where the following deadlines were set: completion of discovery by September 30, 2014; filing of all motions by October 10, 2014; and a trial date of November 17, 2014. Approximately seven months after the filing of the Original Complaint (on August 26, 2014), but still well before the discovery and motion cutoff dates, Trustee moved to amend his complaint (the "Amended Complaint") to remove the counts under § 727(a)(4)(D), but to add a count under § 727(a)(2)(A) denying discharge when a debtor, "with the intent to hinder, delay or defraud," conceals bankruptcy estate property. Debtor objected to Trustee's motion for leave to file the Amended Complaint, claiming that the amendment would cause significant prejudice and unduly delay the litigation.

In the Original Complaint, Trustee argues Debtor made false oaths within his bankruptcy petition and at his 341 meeting of creditors. Debtor's bankruptcy schedules claim a $5,500.00 monthly salary from Approved Acceptance Corp. ("AAC"), a company in which Debtor is the sole owner. Underwood Motors, Inc. ("Underwood"), a company owned by PR, LLC ("PR"), employs Debtor in a consulting role and pays him a salary, at least a portion of which Trustee believes is not reported on his bankruptcy petition. Underwood is owned by PR, LLC ("PR"), a company that is owned, in part, by Debtor's sister. Debtor's sister also maintains an AAC bank account in which she is the only approved signor. At his 341 meeting of creditors, Debtor stated that any income he receives from PR is first deposited into his sister's bank account, and she then writes Debtor a check for his salary. However, in addition to the income disclosed on schedule I, Trustee has evidence of thirty-eight additional payments Debtor received from his sister ranging from $594.75 to $713.09 during 2013. Trustee also believes Debtor received the following

---

[1] Debtor lists unsecured priority debt totaling $3,757,003.86, general unsecured debts totaling $23,341,774.26, and no secured debt.

2

payments from PR in 2013, which were also not included within his bankruptcy petition: $4,684.09, $13,725.09, $7,087.09, $6,366.09, $8,633.62, and $15,325.17. Based on the lack of disclosure, the Original Complaint moved for the denial of Debtor's bankruptcy discharge under § 727(a)(4)(A).[2] The Amended Complaint reiterates many of the same factual allegations, but includes additional information on the use of Debtor's niece to funnel money from PR to Debtor. Based on the new information, the Amended Complaint adds a claim for the denial of discharge under § 727(a)(2)(A) for "knowingly and fraudulently" concealing bankruptcy estate assets.

On August 26, 2014, Trustee filed a motion for leave to file the Amended Complaint. Trustee argues that the Amended Complaint should be allowed because the Federal Rules of Civil Procedure, as adopted by the Federal Rule of Bankruptcy Procedure, envision the liberal modification of pleadings to ensure cases are decided on their merits, not procedural technicalities. Trustee also notes that the Original Complaint and Amended Complaint concern the same events: Debtor's false statements and concealment of income during the bankruptcy process. Debtor opposes the allowance of the Amended Complaint, arguing that the amendment would significantly prejudice Debtor and needlessly prolong the litigation. Specifically, Debtor argues that the new claim under § 727(a)(2)(A) is significantly different from the claims in the Original Complaint and would require expensive new discovery and additional legal research. Further, as a trial is currently scheduled for November 17, 2014, significant expenses have been already been expended preparing for trial on the Original Complaint, work that will essentially be wasted if the Amended Complaint is allowed.

## Law and Analysis

Federal Rule of Bankruptcy Procedure 7015(a)[3] generally allows a party to amend their pleadings as a matter of course within twenty-one days of service on opposing counsel or within twenty-one days of the filing of a responsive pleading. Otherwise, amendments are only allowed with consent of either the opposing party or the court, but courts should "freely give leave [to file an amendment] when justice so requires." Fed. R. Bankr. Pro. 7015(a)(2). The Federal Rules of Bankruptcy Procedure were adopted with the belief "that pleadings are not an end in themselves, but are only a means to the proper presentation of a case; that at all times they are to assist, not deter, the disposition of litigation on the merits." Bush v. Camp Hosiery (In re Metro. Co.), 85 B.R. 783, 785 (Bankr. S.D. Ohio 1988); see also Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986) ("The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." (internal quotation marks omitted)); Rheil v. Hook (In re Johnson), 401 B.R. 256, 259 (Bankr. S.D. Ohio 2009) ("There is no question that courts should freely allow amendments to pleadings."). Therefore, Rule 7015(a) is "to be liberally construed in favor of allowing amendments." Arnold v. Alphatec Spine, Inc., 2014 WL 2896838, at *3 (S.D. Ohio 2014). "However, the mandate of the rule to freely allow amendment must be balanced against the philosophy that time is of the essence in bankruptcy cases." In re Johnson, 401 B.R. at 259.

---

[2] The Original Complaint also included a count under § 727(a)(4)(D) for Debtor's failure to turn over financial documents. However, between the Original Complaint and the Amended Complaint, Debtor provided the missing documents and Trustee subsequently dropped the count.

[3] The Federal Rules of Bankruptcy Procedure adopt Rule 15 from the Federal Rules of Civil Procedure for use in adversary bankruptcy proceedings.

3

Even though courts seek to adjudicate cases on the merits instead of procedural technicalities, authority to amend pleadings is "not untempered and may be denied on findings such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment.'" DeGirolamo v. The Quarry Golf Club, LLC (In re Wittmer), 2011 WL 2551023, at *2 (Bankr. N.D. Ohio 2011) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)); see also Brumbalough v. Camelot Care Ctrs, Inc., 427 F.3d 996, 1001 (6th Cir. 2005); Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 519 (6th Cir. 2001). Either granting or denying leave to file an amended complaint is left to the sound discretion of the trial court. Martin v. Associated Truck Lines, Inc., 801 F.2d 246, 248 (6th Cir. 1986); Allstate Ins. Co. v. Harris (In re Harris), 480 B.R. 281, 291 (Bankr. E.D. Mich. 2012).

Of the allowable grounds for a court to disallow an amendment, Debtor only argues that the Amended Complaint would cause undue delay and prejudice. While it is true that most amendments will increase litigation costs or push back a trial, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Cureton v. Nat'l Coll. Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). A delay, even if unexplained, is insufficient to deny an amendment unless the delay also causes prejudice. Tefft v. Seward, 689 F.2d 637, 640 n.2 (6th Cir. 1982); Moore v. City of Paducah, 790 F.2d at 562 ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading."); Jones v. GM-DI Leasing Corp. (In re Imagepoint Inc.), 2010 WL 3037436, at *8 (Bankr. E.D. Tenn. 2010).

Because the Supreme Court and the Sixth Circuit, as well as the Federal Rules of Bankruptcy Procedure, promote the liberal amendment of pleadings, the prejudice required to deny amendments must be "significant." Janikowski v. Bendix Corp., 823 F.2d 945 (6th Cir.1987); see also Forman v. Davis, 371 U.S. 178. When determining what constitutes "significant" prejudice, "the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." Phelps v. McClellan, 30 F.3d 658, 662–63 (6th Cir. 1994). Generally, the longer an unexplained delay, the lower the opposing party's burden of showing significant prejudice. United States v. Ohio, 2014 WL 1308718, at *6 (S.D. Ohio 2014); Yoder v. T.E.I. Leasing, Inc. (In re Suburban Motor Freight, Inc.), 114 B.R. 943, 950–51 (Bankr. S.D. Ohio 1990) (denying an amendment in part because the amendment was filed two and one-half years after the initial complaint); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). Courts are also more likely to deny an amendment in cases that have already experienced significant delay, especially if the party requesting the amendment was the cause of the previous delay. In re Johnson, 401 B.R. at 261. If the facts underlying the original claim and the amended claim are the same, or overlap substantially, courts are more inclined to allow an amendment. Furman v. Davis, 371 U.S. 178; Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999); River City Resort, Inc. v. Frankenberg (In re River City Resort, Inc.), 2014 WL 3385234, at *3 (Bankr. E.D. Tenn. 2014); In re Wittmer, 2011 WL 2551023, at *2–3.

4

Courts have also often focused on the phase of the litigation, as well as deadlines set by the court, when determining if an amendment will cause significant prejudice. United States v. Ohio, 2014 WL 1308718, at *6. For example, the closer the filing of the amendment to the trial date, or the longer the period from the start of the adversary to the amendment, the more likely a court will deny the amendment. See, e.g., United States v. Midwest Suspension & Brake, 49 F.3d 1197, 1202 (6th Cir. 1995); Yoder v. T.E.I. Leasing, Inc. (In re Suburban Motor Freight, Inc.), 114 B.R. 943, 950–51 (Bankr. S.D. Ohio 1990). Courts have often stressed the importance of filing amendments before any court established discovery or motion cutoff dates. For example, in Duggins v. Steak 'N Shake, the court denied the plaintiff's amendment filed after the discovery and motion deadline. 195 F.3d at 834. The court stressed that the defendant would face "significant prejudice" by having to reopen discovery and defend against a claim "quite different" from the claim previously before the court. Id. A number of other courts agree, denying motions filed after the close of discovery requesting amendments. Moore v. City of Paducah, 790 F.2d at 560; Campbell v. Emory Clinic, 166 F.3d 1157 (11th Cir. 1999); MacDraw, Inc. v. CIT Group Equip. Fin., Inc., 157 F.3d 956 (2d Cir. 1998); Ferguson v. Roberts, 11 F.3d 696 (7th Cir. 1993). However, even amendments requested on the eve of trial may be allowed if the amendment will not cause significant prejudice. United States v. Wood, 877 F.2d 453, 456–57 (6th Cir. 1989); Shapiro v. Harajli (In re Harajli), 469 B.R. 274, 285–86 (Bankr. E.D. Mich. 2012). The court must balance the interest of both parties to determine if the prejudice to Debtor is significant enough to justify the denial of Trustee's motion. See In re Suburban Motor Freight, Inc., 114 B.R. at 950–51.

In the current case, the Amended Complaint was filed on August 26, 2014, well before the discovery cutoff date of September 30, 2014 and the motion cutoff date of October 10, 2014. The court is hesitant to deny a motion filed before a court established motion cutoff date. The court also notes that the Amended Complaint is Trustee's first significant action delaying the litigation. Additionally, while defending against claims for concealment of assets under § 727(a)(2)(A) and the making of false oaths under § 727(a)(4)(A) may require different discovery and legal arguments, the claims are certainly related. Both surround the same cluster of events: Debtor's actual income; Debtor's actions in concealing that income; and the accuracy of Debtor's bankruptcy petition. The court also notes that Debtor has amassed over twenty-seven million dollars in unsecured debts. When faced with such a massive sum, deciding the case on its merits becomes even more paramount. While Trustee's new claim under §727(a)(2)(A) will likely result in increased litigation costs, the court believes Trustee's actions do not create significant undue prejudice. Whenever an adversary case is filed, the opposing party will mount a defense that may require significant legal expenditures. Similarly, any amendment that adds a new claim, no matter when the amendment is filed, will likely increase litigation costs. Courts do not dismiss valid legal claims simply because defending against them would be costly and time consuming. Debtor's increased legal costs, unless combined with other forms of undue prejudice not present in the current case, are insufficient.

## Conclusion

Based on the above discussion, Trustee's Motion for Leave to File Amended Complaint is **GRANTED**. It is so ordered.

An order will be entered simultaneously with this opinion.

# # #

**Service List**:

**United States Trustee**
Suite 441
H.M Metzenbaum U.S. Courthouse
201 Superior Avenue
Cleveland, Oh 44114

**Linda Maria Battisti ust21**
Office of the US Trustee
201 Superior Avenue
#441
Cleveland, OH 44114

**Richard W. Varner**
5976 Penwood Dr
Wadsworth, OH 44281

**Bridget Aileen Franklin**
Brouse & McDowell, LPA
388 S. Main St.
#500
Akron, OH 44311

**Marc Merklin**
Brouse McDowell, LPA
388 S. Main Street, Suite 500
Akron, OH 44311

**Dynele L. Schinker-Kuharich**
Schinker-Kuharich Law Offices, LLC
4300 Lynn Road, Suite 206
Ravenna, OH 44266